**STATE of South Dakota, Plaintiff and Appellee,**

v.

**Myron A. THOMALE, Defendant and Appellant.**

**No. 13473.**

Supreme Court of South Dakota.

Considered on Briefs Feb. 24, 1982.

Decided March 17, 1982.

does not involve a claim of fraud based on a wife's claim to her common-law right of dower.

Miles F. Schumacher, Asst. Atty. Gen., Pierre, for plaintiff and appellee; Mark V. Meierhenry, Atty. Gen., Pierre, on the brief.

Brent A. Wilbur of May, Adam, Gerdes & Thompson, Pierre, for defendant and appellant.

DUNN, Justice.

Defendant Myron Thomale appeals from a jury verdict finding him guilty of the crime of attempting to obtain possession of a controlled substance by misrepresentation, forgery, or fraud.[1] We affirm.

On February 28, 1981, defendant presented a medical record transfer sheet from a doctor in Minneapolis, Minnesota, to Dr. E. C. Collins in Gettysburg, South Dakota. The medical record indicated that defendant had lung cancer and was being treated with five drugs, all of which are controlled substances in South Dakota. Defendant told Dr. Collins that he had lost his medication and requested him to write a prescription for the medication. Dr. Collins consulted with the local pharmacist, Galen Jordre, who attempted to verify the medical record with the Minneapolis doctor. He was unable to verify the medical record and notified the police. Defendant was arrested. Subsequently, a search warrant was issued for the automobile which was driven by defendant. The search revealed five bottles of prescription drugs; two medical records similar to the one given to Dr. Collins; and a third medical record on which blank paper was pasted over the original writing, a new address was pasted onto the medical record, and a new doctor's name was added. At trial, defendant did not put forth evidence on his own behalf.

Defendant filed a motion to suppress the evidence seized from the automobile on the grounds that the affidavits supporting the application for the search warrant were defective and inadequate to demonstrate probable cause. We hold that defendant did not have standing to raise these issues.

---

1. Counsel for defendant on appeal did not rep-    resent defendant in the trial court.

The United States Supreme Court in *Rakas v. Illinois*, 439 U.S. 128, 99 S.Ct. 421, 58 L.Ed.2d 387 (1978), established a test for determining standing to dispute a search and seizure. The test is whether government officials violated any legitimate expectation of privacy held by the defendant. This concept of standing has been explained further in *United States v. Salvucci*, 448 U.S. 83, 100 S.Ct. 2547, 65 L.Ed.2d 619 (1980), and *Rawlings v. Kentucky*, 448 U.S. 98, 100 S.Ct. 2556, 65 L.Ed.2d 633 (1980). The burden of proof is on defendant to show that he had a legitimate expectation of privacy in the searched area. *Rawlings v. Kentucky, supra.* This test replaces the standard enunciated in *Jones v. United States*, 362 U.S. 257, 267, 80 S.Ct. 725, 734, 4 L.Ed.2d 697, 706 (1960), "... that anyone legitimately on premises where a search occurs may challenge its legality by way of a motion to suppress, when its fruits are proposed to be used against him."

Under the *Rakas* test, "[l]egitimation of expectations of privacy by law must have a source outside of the Fourth Amendment, either by reference to concepts of real or personal property law or to understandings that are recognized and permitted by society." 439 U.S. at 143–44, n. 12, 99 S.Ct. at 430–31, n. 12, 58 L.Ed.2d at 401, n. 12. Defendant failed to meet this requirement. The automobile in question was leased to David Meyers by Holidale Rent-A-Car. Defendant claimed at the suppression hearing that he borrowed the automobile from Meyers and paid Meyers half of the lease cost. The lease agreement does not list defendant as a lessee and states "in no event shall renter submit or re-lease the vehicle to another person or corporation."

Furthermore, the lease expired on February 15, 1981, and the search warrant was issued thirteen days later on February 28, 1981. A letter was sent to Meyers from Holidale Rent-A-Car terminating the lease on February 25, 1981. In light of these facts, we hold that defendant did not have a legitimate expectation of privacy in the automobile and is without standing to raise his Fourth Amendment claim.[2]

Defendant also contends that the trial court erred in allowing Dr. Collins to testify at trial. Defendant claims that under SDCL 19–13–7 a medical doctor is prevented from disclosing confidential communications made for the purpose of diagnosis or treatment of his physical condition. A consultation is not privileged, therefore, if it is made for some purpose other than that of ultimate curative or alleviative treatment. *Garska v. Harris*, 172 Neb. 339, 109 N.W.2d 529 (1961); 8 J. Wigmore, *Evidence* § 2382 (McNaughton rev. 1961). Since the statements made by defendant to Dr. Collins were made for the purpose of obtaining possession of controlled substances rather than to cure or alleviate an illness, the conversation was not privileged under SDCL 19–13–7. The trial court was correct in allowing Dr. Collins to testify.

We affirm the judgment of the trial court.

All the Justices concur.

---

**2.** The trial court did not make findings of fact and conclusions of law in regard to the suppression hearing. However, the court did make a determination denying the motion to suppress in a memorandum opinion and order. *See State v. Lewis*, 90 S.D. 615, 244 N.W.2d 307 (1976).